

IT IS ORDERED

Date Entered on Docket: June 3, 2019

_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPCTY COURT
## DISTRICT OF NEW MEXICO

IN RE:

Thomas Marmion Greer aka Tom Greer
Cynthia K. McCall aka Cindy McCall aka Cindy McCall-Greer,
    Debtors                                    Case No. 19-10426-ja13

### STIPULATED ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY

    This matter came before the Court on the stipulation of relief from the automatic stay and abandonment, between the Creditor HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("Creditor"), and the Debtors Thomas Marmion Greer and Cynthia K. McCall ("Debtors"), by and through their respective attorneys of record, and the Chapter 13 Trustee.

    The Court, having reviewed the agreement as expressed in this Stipulated Order and being otherwise sufficiently informed, FINDS:

    (a) The Court has jurisdiction over the parties and the subject matter of this Stipulated Order.

    (b) The Stipulated Order relates to the following property:

> Lot numbered Four (4) in Block numbered Four-A (4-A) of Horizon Vista Patio
> Homes, Unit 1, as the same is shown and designated on the plat thereof, filed in the
> Office of the County Clerk of Valencia County, New Mexico, on August 30, 1973.

Commonly known as 306 Horizon Vista, Belen, NM 87002 ("Property").

    (c) The parties wish to stipulate to the stay relief, as provided in this Stipulated Order.

    (d) Debtors are surrendering the property, as stated in the First Amended Chapter 13 Plan (docket #34), filed on April 19, 2019.

    (e) No notice to other creditors of the stay relief is necessary.

**IT IS THEREFORE ORDERED:**

    1. The Motion is hereby granted, and pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

    (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

    (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

    2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Creditor need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

    3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, although the Debtors can be named as defendants in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

File No. NM-19-153262
Stipulated Order for Relief from the Automatic Stay, Case No. 19-10426-ja13
Case 19-10426-j13    Doc 54    Filed 06/03/19    Entered 06/03/19 13:44:47 Page 2 of 4

4. This Order does not waive Creditor's claim against the estate for any Deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. Creditor may filed an amended proof of claim in this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtors owes any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived claim by Creditor against the Debtors, upon discharge.

7. This Stipulated Order shall be binding and effective upon any conversion.

### End of Order ###

RESPECTFULLY SUBMITTED AND AGREED TO BY:

McCarthy & Holthus, LLP

By  */s/ Daniel Grunow*
Daniel Grunow, Esq.
Attorney for Creditor
6501 Eagle Rock NE, Suite A-3
Albuquerque, NM 87113
(505) 219-4900
dgrunow@mccarthyholthus.com

AGREED TO BY:

By /s/Ronald E Holmes *(Via Email)*
Attorney for Debtors
Ronald E Holmes
320 Gold SW
Suite 1111
Albuquerque, NM 87102
(505) 268-3999

File No.  NM-19-153262
Stipulated Order for Relief from the Automatic Stay, Case No. 19-10426-ja13
Case 19-10426-j13    Doc 54    Filed 06/03/19    Entered 06/03/19 13:44:47 Page 3 of 4

By */s/ Tiffany M. Cornejo (Via Email)*
Trustee
Tiffany M. Cornejo
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102